IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TIMOTHY SWITZER                                                            PLAINTIFF

V.                                     NO. 13-3027

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Timothy Switzer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) ceasing his entitlement to disability benefits and supplemental security income benefits as of December 1, 2009.

I.      **Procedural Background:**

Plaintiff was initially found to be disabled as of December 23, 1999, and his disability was allowed to continue by decision dated February 5, 2004, which is known as the "comparison point decision," or CPD. (Tr. 12, 86-94, 299-307). At the time of the CPD, Plaintiff was found to have the following medically determinable impairments: depression, chronic pain, anxiety disorder, borderline intellectual functioning and passive dependent personality traits. (Tr. 13). On December 30, 2009, the Agency determined that medical improvement had occurred as of the CPD and ceased benefits, starting December 1, 2009. (Tr. 99-101). Plaintiff requested reconsideration of the cessation of benefits, and the Agency affirmed its denial. (Tr. 97-98, 128-

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

129). On June 21, 2011, the ALJ held a cessation hearing at which Plaintiff, with counsel, friends of Plaintiff, and an impartial vocational expert (VE) appeared and testified. (Tr. 32-71). On December 22, 2011, the ALJ issued a decision finding that as of December 1, 2009, Plaintiff had the following medically determinable impairments- degenerative disc disease and osteoarthritis of the cervical and lumbar spine, osteoarthritis of the bilateral hips, fibromyalgia syndrome, osteoarthritis and tendinosis of the shoulders, chronic pain, atrial fibrillation, congestive cardiomyopathy, coronary artery disease, hypertension, depressive disorder, generalized anxiety disorder, panic disorder with agoraphobia, and borderline intellectual functioning and personality disorder. (Tr. 13). However, the ALJ found that since December 1, 2009, the Plaintiff did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1525 and 404.1526). (Tr. 13). The ALJ concluded that medical improvement occurred as of December 1, 2009, which was related to the ability to work, and found that based on the impairments present as of December 1, 2009, Plaintiff had the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant cannot do overhead work or reaching and must avoid concentrated exposure to hazards, i.e. unprotected heights and unprotected moving machinery. The claimant can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete. The claimant is unable to have contact with the general public.

(Tr. 16). With the help of a VE, the ALJ determined Plaintiff was unable to perform past relevant work, but that there were other jobs Plaintiff would be able to perform, such as an assembler, e.g. final bench assembler-optical, and machine tender-production, e.g. a zipper

machine operator. (Tr. 24-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 24, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one

AO72A
(Rev. 8/82)

year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

The Court is troubled by the fact that there is no Physical RFC assessment in the record subsequent to the time Plaintiff suffered from a heart attack and other heart issues. The most recent Physical RFC Assessment in the record is dated September 18, 2009. (Tr. 415-422). Subsequent thereto, approximately one week prior to the hearing, on June 13, 2011, Plaintiff

suffered a heart attack and had a stent placed while being treated at Baxter Regional Medical Center. (Tr. 705-711). On June 27, 2011, Plaintiff again presented to the hospital, was diagnosed with vertigo, and on June 29, 2011, had a left heart catheterization performed. (Tr. 895). On September 12, 2011, Plaintiff was examined by Dr. Ted Honghiran, who reported that Plaintiff's main problem "now is his heart - he has had two heart attacks and still feels weak, because he just came out of the hospital." (Tr. 898).

The Court finds that under the circumstances of this case, with Plaintiff recently suffering with various heart conditions, it is appropriate to remand this matter to the ALJ in order for him have Plaintiff examined by a cardiologist, and for the cardiologist to prepare a Physical RFC Assessment. Once received, the ALJ should then re-evaluate his RFC assessment in light of the new examination.

**IV.     Conclusion:**

Accordingly, the Court concludes that ALJ's decision is not supported by substantial evidence, and therefore, the cessation of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 28th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE